IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-21-28-F |
| ) | |
| JOHN MIGUEL SWAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The court received two *pro se* filings from the defendant on February 26, 2025. See doc. nos. 204 and 205. The two filings appear to be substantially identical, albeit in different handwriting. Both documents seek recusal of the undersigned under 28 U.S.C. § 455(a). With these motions, as with all of the defendant's other *pro se* filings, the court construes defendant's pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. That said, the court cannot and does not assume the role of advocate for this *pro se* litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Because doc. nos. 204 and 205 are substantially identical, they will be referred to collectively as "the motion."

Section 455(a) states that a judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The required approach to application of § 455 was recently and succinctly summarized in Vanhorn v. Salvation Army, No. 23-2009-DDC-ADM, 2025 WL 604973 (D. Kan. Feb. 24, 2025):

> The test for determining impartiality is an objective one, based on a judge's "outward manifestations and reasonable inferences drawn therefrom." Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995)

(citation omitted). "Ordinarily, when a judge's words or actions are motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias." <u>United States v. Nickl</u>, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing <u>Liteky v. United States</u>, 510 U.S. 540, 554–56 (1994)). "Recusal may be appropriate, however, when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside judicial proceedings." <u>Id.</u> (citing <u>Liteky</u>, 510 U.S. at 554–55). And while judges "have a strong duty to recuse when appropriate," they also owe "a strong duty to sit[.]" <u>United States v. Wells</u>, 873 F.3d 1241, 1251 (10th Cir. 2017).

. . . .

" '[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification.' " <u>Nickl</u>, 427 F.3d at 1298 (quoting <u>Green v. Branson</u>, 108 F.3d 1296, 1305 (10th Cir. 1997)).

<u>Id.</u> at *1.

So far as can be discerned from a careful reading of the motion, the defendant makes essentially the following points in support of recusal (because doc. no. 205 is the more legible of the two filings now before the court, the court refers to that version):

- First, the defendant refers to a statement made by the undersigned at the previous sentencing, in 2022, in which the undersigned suggested that the defendant has a strong tendency toward vulnerable victims. That argument is bolstered by a contention that, in referring to the defendant's tendency toward vulnerable victims, the court relied on inadmissible evidence. This, according to the defendant, amounted to a display of bias and deep seated favoritism.

- Second, defendant also argues that his constitutional rights were violated because he was not present during jury selection on May 8, 2024.

- Third, defendant suggests that, by referring to the possibility that the defendant was "delusional" in a hearing on October 30, 2024, the court used abusive language that left defendant without any hope of having a fair proceeding.

- Fourth, defendant also maintains that, in a hearing on February 20, 2025, the court violated defendant's constitutional rights by not granting him the opportunity to review evidence in possession of the government. He elaborates on this point by asserting that his defense is severely

2

> handicapped by being denied the necessary materials and guidance from standby counsel.

- Fifth, defendant asserts that the undersigned demonstrated partiality by stating, in substance, during a Faretta colloquy on February 20, 2025, that the defendant's decision to proceed *pro se* might be the worst mistake of his life. This, defendant states, amounted to a display of impatience, disregard and animosity toward the defendant.

Doc. no. 205, at 2 - 4.

The foregoing summary of defendant's contentions is itself sufficient, when measured by the authorities cited and quoted above, to demonstrate that the defendant has shown no basis for recusal. The matters complained of by defendant all occurred within the context of judicial proceedings in this case. Nothing in the papers now before the court suggests (and there could not be any such suggestion) that any rulings or remarks by the undersigned stemmed from an extrajudicial source. The short of the matter is that defendant complains, in the papers now before the court, of adverse rulings or of findings made on the basis of the record properly before the court. The remedy for erroneous adverse rulings lies in the Court of Appeals, or in some cases, by way of motion for reconsideration, and not in a motion for recusal under § 455(a). That basis alone is sufficient to compel denial of the motion.

Notwithstanding the fact that the motion must, and will, be denied for the reasons already stated, the court will comment briefly on some of the defendant's specific contentions.

First, the statement made by the undersigned in 2022, to the effect that the defendant has a tendency toward vulnerable victims, was made on the basis of materials which were then appropriately before the court. Aside from that, defendant

will be free, at sentencing, to contest any suggestion that he has a tendency toward vulnerable victims.[1]

Second, as the court has previously pointed out, it is simply not true that jury selection was held on May 8, 2024.  That proceeding was simply the court's docket call for the May, 2024 docket.  No jury was selected on that day.

Third, the court's reference to the possibility that the defendant was "delusional," in the October 30, 2024 hearing, was prompted by the defendant's contention that the May, 2024 jury was composed of the same jurors who sat in judgment of defendant in a trial before Judge DeGiusti in 2010.  That comment, of course, is what precipitated the commitment of defendant for psychiatric evaluation.

Fourth, as for defendant's contention that his rights have been violated by lack of access to evidence in the possession of the government, the defendant has made no semblance of a showing that any evidence relevant to sentencing has been concealed from him or that he has been denied access to any such evidence.

Fifth, it is true that, at the hearing on defendant's motion to proceed *pro se* on February 20, 2025, the court did state, in substance, that the defendant's decision to proceed *pro se* might be the worst mistake of his life.  The undersigned believed then and believes now that that was a correct assessment of the wisdom of defendant's decision to proceed *pro se* rather than availing himself of the full range of abilities of the superbly qualified and competent lawyer appointed by the court.  A fair

---

[1] The parties are reminded that, in its February 21, 2025 order, the court advised the parties that the court "intends, if reasonably possible, to rule on the pending motions at the March 5 hearing.  However, if, at the hearing, the court concludes that it is necessary for the government to respond in writing to any motion then pending, the court will set a due date for that response.  If the court does rule on all of the pending motions at the hearing, and if those rulings are such that the matter will, as a result of those rulings, be ripe for sentencing, **the court will, on that date, proceed directly with the sentencing and entry of judgment**.  Otherwise, the court will make such orders with respect to sentencing and other scheduling matters as may be appropriate." Doc. no. 199, at 2 (emphasis in original).

reading of the February 20, 2025 proceedings will demonstrate quite clearly that, in substance, the court was remonstrating with defendant to avail himself of the services of that lawyer.  The undersigned believed, then, and believes now, that although the defendant is not without substantial experience in criminal proceedings, his likelihood of success on issues which might have some bearing on sentencing will be significantly greater if the defendant has the benefit of his previous superb counsel.

The motions for recusal, doc. nos. 204 and 205, are accordingly **DENIED**.

Also before the court is a motion labeled "Motion to Set Dates for all Pro-Se Motions to be Heard," doc. no. 206, filed on February 26, 2025.  Some of the motions referred to in doc. no. 206 have already been ruled upon.  All other matters listed in doc. no. 206 that may be ripe and appropriate for consideration at the hearing on March 5, 2025 will be heard then.  To be clear, all motions encompassed by the order at doc. no. 199, as well as the Motion for Reconsideration at doc. no. 201, will be addressed at the March 5, 2025 hearing.  With that understanding, the motion at doc. no. 206 is **DENIED** as moot.

Finally, to facilitate the defendant's understanding of the sequence of proceedings in this case, and to enable him to understand precisely what matters will be before the court on March 5, 2025, the clerk is **DIRECTED** to mail to the defendant a current copy of the docket sheet in this case.

DATED this 28th day of February, 2025.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0028p044.docx